IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

_____

| | |
|---|---|
| JAMES PILLER, | Cause No. CV 07-39-BLG-RFC-CSO |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION |
| | OF U.S. MAGISTRATE JUDGE |
| MIKE MAHONEY, Warden, Montana State Prison, and the Attorney General of the State of Montana, | |
| Respondents. | |

_____

On March 14, 2007, Petitioner James Piller filed this action for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner is a state prisoner proceeding *pro se*.

**I. Preliminary Screening**

Rule 4 of the 2254 Rules requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Id. If summary dismissal is not warranted, the judge must order the respondent to file an answer, motion, or other response or "to take other action the judge may order." Id.

## II. Background

In 1988, Petitioner was convicted of sexual intercourse without consent in Montana's Thirteenth Judicial District Court, Yellowstone County. He was sentenced to serve thirty years, with ten years suspended. He was also required to complete Phase I of the sex offender treatment program at Montana State Prison before he could be considered eligible for parole. Petitioner did not appeal or pursue postconviction relief. See Pet. (doc. 1) at 3-4, ¶¶ 1-12; Mem. (doc. 2) at 1.

On or about October 19, 2006, Petitioner filed a petition for writ of habeas corpus in the Montana Supreme Court. It was denied before a response was ordered, on October 31, 2006. See Pet. at 4, ¶ 14.

Petitioner originally filed his habeas petition in this Court on November 29, 2006. See Piller v. Mahoney, No. CV 06-58-H-DWM-RKS (filed Nov. 29, 2006). Because the petition challenged more than one conviction, one in Yellowstone County and two in Powell County, he was required to submit two separate petitions. See Rule 2(e), Rules Governing Section 2254 Cases in the United States District Courts. This case, in the Billings Division, is concerned solely with Petitioner's original conviction for sexual intercourse without consent. None of his other allegations are before this Court.[1]

## III. Petitioner's Allegations

Petitioner contends that he received ineffective assistance of counsel throughout the proceedings against him because counsel failed to call witnesses on his behalf, instructed the jury

---

[1] Even Petitioner's claim that he served out the suspended portion of his original sentence must be addressed in the Butte Division case, not in this case. That claim is directed at the manner in which the sentence was executed, not the sentence itself. It must be venued "in the Division containing the county where the petitioner is incarcerated." See D. Mont. L.R. 1.9, 1.11(a)(2).

to find him guilty of "one of two offenses," terminated his representation after trial but before appeal, refused to bring an appeal, and "overall confessed to petitioner that he was only required to maintain a pretense of representation." Mem. at 3-4.

## IV. Analysis

### A. The Federal Statute of Limitations

Although there may be other bars to the petition, it is clear that Petitioner may not, at this late date, challenge his 1988 conviction. Sentence was pronounced on Petitioner's original conviction on or about July 22, 1988. See Pet. at 3, ¶ 2; CON Network, http://app.state.mt.us/conweb (last visited Aug. 3, 2007). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year statute of limitations applies to petitions filed under 28 U.S.C. § 2254. AEDPA was enacted on April 24, 1996.

This case was not opened until March 14, 2007. However, the petition is deemed filed on the day it is received by the Clerk of Court. See, e.g., Loya v. Desert Sands Unified Sch. Dist., 721 F.2d 279, 280-81 (9th Cir. 1983); United States v. Dae Rim Fishery Co., 794 F.2d 1392, 1395 (9th Cir. 1986). Thus, the filing date is actually November 29, 2006.

Additionally, because Petitioner was convicted and sentenced before AEDPA's enactment, he was entitled to equitable tolling of the statute of limitations for a one-year period after AEDPA's enactment. Therefore, Petitioner should have filed his petition in this Court on or before April 23, 1997.[2] See Calderon v. United States Dist. Court ("Beeler"), 128 F.3d 1283, 1287 (9th Cir. 1997) (internal quotation omitted), overruled on other grounds by Calderon v. United States Dist. Court

---

[2] Even if Petitioner had filed by April 23, 1997, he probably would have been required to show why his petition was not barred by laches.

("Kelly IV"), 163 F.3d 530 (9th Cir. 1998) (en banc).

Nonetheless, Petitioner's challenge to his Yellowstone County conviction is still more than nine and a half years too late. Unless the statute of limitations is subject to statutory or equitable tolling, the petition is time-barred.

### B. Statutory Tolling

The one-year period for filing in federal court for a writ of habeas corpus is suspended while a petitioner has an action pending in state court. 28 U.S.C. § 2244(d)(2). However, Petitioner does not identify any action, based on the sentence he now challenges, prior to filing a petition for a writ of habeas corpus in the Montana Supreme Court on or about October 19, 2006. His time to file in this Court expired long before he filed in state court. Therefore, the statutory tolling provision of § 2244(d)(2) does not benefit Petitioner.

### C. Equitable Tolling

A petitioner might be entitled to equitable tolling of the limitations period if he demonstrates that extraordinary circumstances beyond his control made it impossible for him to file his federal petition on time.[3] See Calderon v. United States Dist. Court ("Beeler"), 128 F.3d 1283, 1288-89 (9th Cir. 1997) (internal quotation omitted), overruled on other grounds by Calderon v. United States Dist. Court ("Kelly IV"), 163 F.3d 530 (9th Cir. 1998) (en banc). Equitable tolling is not available in most cases and poses a "high hurdle" for a petitioner to overcome. Id.

---

[3] It is questionable whether the doctrine of equitable tolling would withstand Supreme Court review. See Bowles v. Russell, __ U.S. __, 127 S. Ct. 2360, 2364-65 (2007) (characterizing "statutory time limits" as "jurisdictional" and affirming dismissal of notice of appeal filed three days late despite habeas petitioner's reliance on a judge's order extending time to file); see also Felker v. Turpin, 518 U.S. 651, 662 (1996) ("[o]ur authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted," and other sections, including § 2244, "inform our authority to grant such relief as well.").

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 4

> A habeas petitioner . . . should receive an evidentiary hearing when he makes a good-faith allegation that would, if true, entitle him to equitable tolling. [Petitioners] must demonstrate that they have been pursuing their rights diligently and that some extraordinary circumstance stood in their way.

Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006) (internal emphasis, quotations, brackets, and ellipsis omitted). Additionally, "the person seeking equitable tolling must demonstrate reasonable diligence in attempting to file *after* the extraordinary circumstances began." Id. at 971 (quoting Spitsyn v. Moore, 345 F.3d 796, 802 (9th Cir. 2003)) (internal brackets and ellipsis omitted).

Ordinarily, the Court would give Petitioner an opportunity to respond before issuing Findings and Recommendation for dismissal. See Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001). In this case, however, the Court concludes that Petitioner could not show *both* that he demonstrated due diligence *and* that extraordinary circumstances made it impossible for him to file during the entire period of almost twenty years that he was incarcerated on his original conviction for sexual intercourse without consent. A severe, long-term medical condition might support equitable tolling in these circumstances, but Petitioner's convictions in roughly 1992 and 1996, see Mem. at 2, preclude that possibility. He may attempt to show grounds for equitable tolling if he files objections to the Findings and Recommendation, but the Court sees no reason to delay issuance of the Findings and Recommendation.

**V. Certificate of Appealability**

**A. Governing Law**

Pursuant to 28 U.S.C. § 2253(c), "[a] certificate of appealability ['COA'] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." See Hohn v. United States, 524 U.S. 236 (1998); Lambright v. Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000).

The standard of a "substantial showing" can be satisfied on an issue-by-issue basis. <u>Lambright</u>, 220 F.3d at 1024 (citing 28 U.S.C. § 2253(c)(3)).

> [I]n order to make a substantial showing of the denial of a federal right a petitioner ... "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'"

<u>Lozada v. Deeds</u>, 498 U.S. 430, 432 (1991) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)). <u>See also</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."). Thus, a petitioner may obtain a COA even if she does not establish that she will prevail on the merits. The COA inquiry seeks only to prevent frivolous appeals from wasting judicial resources, while still affording petitioners an opportunity to show potential for merit. <u>Lambright</u>, 220 F.3d at 1025. Doubt as to whether a petitioner has met the standard is resolved in his favor. <u>Id</u>.

Where, as here, the district court dismisses a claim on procedural grounds, the court must decide whether "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Lambright</u>, 220 F.3d at 1026 (quoting <u>Slack</u>, 529 U.S. at 484).

Finally, the COA must indicate which issues satisfy the required showing, 28 U.S.C. § 2253(c)(3), and the Court must "state why a certificate should *not* issue." Fed. R. App. P. 22(b)(1) (emphasis added). The Court need not explain why a certificate *should* issue. <u>Id</u>.

**B. Discussion**

Reasonable jurists could not find that Petitioner's nearly twenty-year delay in filing could warrant statutory or equitable tolling. A COA should be denied.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

Piller's Petition (docs. 1, 2) should be DISMISSED WITH PREJUDICE as time-barred. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

<u>Piller must immediately inform the Court and opposing counsel of any change in his mailing address</u>. Failure to do so may result in dismissal of his petition without notice to him.

DATED this <u>3rd</u> day of August, 2007.

/s/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge