FILED
BILLINGS DIV.
2007 SEP 5 PM 12 42
PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| JAMES PILLER,<br><br>    Petitioner,<br><br>vs.<br><br><br><br>MIKE MAHONEY, Warden,<br>Montana State Prison, and the<br>Attorney General of the State of Montana,<br><br>    Respondents. | CV-07-39-BLG-RFC<br><br><br><br><br>ORDER ADOPTING FINDINGS<br>AND RECOMMENDATION OF<br>U.S. MAGISTRATE JUDGE |

On August 3, 2007, United States Magistrate Judge Carolyn S. Ostby entered her Findings and Recommendation on Petitioner James Piller's § 2254 Petition for Writ of Habeas Corpus. *Doc. 3.* Magistrate Judge Ostby recommends Piller's Petition (*Doc. 1*) should be dismissed with prejudice as time-barred and that a certificate of appealability should be denied.

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, no party filed objections to the August 3, 2007 Findings and Recommendations. Failure to object to a magistrate judge's findings and recommendation waives all objections to the findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1999). However, failure to object does not relieve this Court of its burden to review de novo the magistrate judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

1

In this case, Piller waited nearly twenty years to file a § 2254 petition challenging his conviction for sexual intercourse without consent. Statutory tolling is not applicable because there were no pending state court actions challenging this conviction which would toll the one-year statute of limitations. 28 U.S.C. § 2244(d)(2). Further, equitable tolling is not available to Piller because he has not demonstrated any extraordinary circumstances beyond his control which prohibited the filing of his habeas petition, nor has he shown "reasonable diligence in attempting to file *after* the extraordinary circumstances began." *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (citing *See Calderon v. United States Dist. Court*, 128 F.3d 1283, 1288-89 (9th Cir. 1997), overruled on other grounds by *Calderon v. United States Dist. Court*, 163 F.3d 530 (9th Cir. 1998) (en banc). Finally, Magistrate Judge Ostby correctly recommended denial of a certificate of appealability because reasonable jurists would not believe a twenty year delay in filing this petition warrants any manner of tolling. For those reasons, this Court finds Magistrate Judge Ostby's Findings and Recommendation are well grounded in law and fact and HEREBY ORDERED they be adopted them in their entirety.

Accordingly, **IT IS FURTHER ORDERED** that:

(1) Piller's Petition (*Doc. 1*) is **DISMISSED WITH PREJUDICE** as time-barred; and

(2) A certificate of appealability is **DENIED.**

The Clerk of Court shall notify the parties of the entry of this Order and close this case.

DATED the 5th day of September, 2007.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE

2